IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEVEN L. REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:25-cv-03091-MDH |
| | ) | |
| COXHEALTH, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant CoxHealth's Motion to Dismiss for Lack of Jurisdiction. (Doc. 2). Defendant has filed his suggestions in support, Plaintiff has untimely filed his suggestions in opposition (Doc. 10), and Defendant has replied. (Doc. 11). This matter is now ripe for adjudication on the merits. For the reasons stated below, Defendant CoxHealth's Motion to Dismiss for Lack of Jurisdiction is **GRANTED**.

## BACKGROUND

This action arises out of the medical care, and death, of Kenneth and Mary Lou Reed. Plaintiff Steven L. Reed is the son of Kenneth and Mary Lou Reed and is a resident of Aurora, Missouri. Defendant CoxHealth is a nonprofit corporation with its principal place of business in Springfield, Missouri. Defendant Mercy has its principal place of business in Cincinnati, Ohio. Defendant Aurora Nursing Center d/b/a Bel Oak of Aurora, Missouri has its principal place of business in Aurora, Missouri and Anthem Insurance has its principal place of business in Indianapolis Indiana.

1

While Plaintiff's Complaint is hard to discern, Plaintiff alleges various failures on Defendants that ultimately lead to the death of Kenneth and Mary Lou Reed. Specifically, Plaintiff alleges that Kenneth Reed's death was premised on Defendant Aurora Nursing Center failing to give Kenneth Reed his insulin. Plaintiff next alleges that Defendant Mercy gave Mary Lou Reed excessive opioid prescriptions and that a part-time doctor at Auora Nursing Center had prescribed over ten drugs to Mary Lou Reed to take while at the facility. Plaintiff next alleges that Defendant Anthem Insurance and CoxHealth should have let Mary Lou Reed stay at CoxHealth Lamar based on the quality of care and by not allowing her more time contributed to her death. Lastly Plaintiff alleges that Defendant Mercy failed in getting Mary Lou Reed to eat or have a bowl movement which contributed to her passing. Plaintiff brings one count for violation of 28 U.S.C. § 5001; one count possible violations of federal laws concerning opioids per the Controlled Substances Act; one count for violation of 42 U.S.C. § 1395i-3; one count conspiracy to deny health care leading to premature death of Mary Lou Reed; and two statements styled as counts but failing to allege any violation of statute or claim.

Defendant CoxHealth's Motion to Dismiss for Lack of Jurisdiction argues that Plaintiff's Complaint fails to establish this Court's subject matter jurisdiction. Specifically, Defendant argues that Plaintiff's Complaint fails to allege complete diversity of citizenship pursuant to 28 U.S.C. 1332(a). Defendant further argues that federal question jurisdiction is not applicable to Plaintiff's claims. Alternatively, Defendant argues that even if the Court were to have subject matter jurisdiction, Plaintiff's Complaint fails to state a claim for which relief can be granted and should be dismissed. The Court will take each argument in turn.

**STANDARD**

"In order to properly dismiss [a case] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial attack, the court "restricts itself to the face of the pleadings" and "the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). Dismissal is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* In a factual attack, "the court considers matters outside the pleadings . . . and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* Dismissal is appropriate in such cases where, upon weighing the evidence, the court is not satisfied that the plaintiff has, in fact, proved jurisdiction. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

## ANALYSIS

### I. Filing Out of Time

Defendant first argues that Plaintiff did not file a response to Defendant's Motion to Dismiss on or before the deadline of May 20, 2025. Defendant assets Plaintiff filed his suggestions in opposition on May 27, 2025, seven days late, and without first seeking the Court's permission. Thus, Defendant argues that the Court should strike Plaintiff's suggestions in opposition for failing to comply with Local Rule 7.0(c)(2).

"Within 14 days after a motion is filed, each party opposing the motion must file suggestions opposing the motion." L.R 7.0(c)(2). Here, Defendant filed its Motion to Dismiss for Lack of Jurisdiction on May 6, 2025. Plaintiff had until May 20, 2025, to file his suggestions in

3

opposition. Plaintiff did not file his suggestions in opposition until May 27, 2025, in violation of Local Rule 7.0. Ordinarily Plaintiff would have to seek leave of court to file an untimely response but given Plaintiff's *pro se* status, as well as the judicial efficacy in adjudicating the motion, the Court will allow Plaintiff's suggestions in opposition to stand.

## II. Subject Matter Jurisdiction

Since Plaintiff is proceeding *pro se*, the Court considers the content of the Complaint pursuant to "less stringent standards" than might otherwise apply. *Jackson v. Yellen*, 744 F.Supp. 3d 905, 908–09 (W.D. Mo. 2024) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Therefore, "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)). However, a *pro se* litigant must still comply with court rules and procedures. *Estelle*, 429 U.S. at 106, 97 S.Ct. 285.

### a. Diversity Jurisdiction

Defendant argues that Plaintiff has failed to specifically allege the citizenship of Defendants CoxHealth, Mercy, and Aurora Nursing Center. (Doc. 2-1, Page 1). Defendant asserts that CoxHealth is a citizen of Missouri and shares its citizenship with the Plaintiff. *Id*. Defendant further argues that Defendants Mercy and Aurora Nursing Center are also citizens of Missouri and share citizenship with Plaintiff, destroying diversity jurisdiction. (Doc. 11, page 3). Plaintiff argues that Defendants are all interstate corporations and that the federal courts have jurisdiction in this matter. (Doc. 9, page 1).

4

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017) (quoting *Gunn v. Minton*, 568 U.S. 251, 133 S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013)). The Constitution extends the judicial power of the federal courts to controversies "between Citizens of different States," U.S. Const. art. III, § 2, and Congress enacted legislation to give federal courts "original jurisdiction of all civil actions between … citizens of different States," *Id*. (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 126 S.Ct. 606, 163 L.Ed.2d 415 (2005)). Such "[d]iversity jurisdiction requires complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id*. (quoting *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015)). While individuals can be residents of but a single state at any one time, corporations are citizens of both the state of incorporation and the state where the corporation's principal place of business is located. *Blakemore v. Missouri Pac. R.R.*, 789 F.2d 616, 618 (8th Cir. 11986); 28 U.S.C. § 1332(c)(1).

Here, Plaintiff is a resident of Missouri. Likewise, Defendant CoxHealth is a domestic nonprofit corporation with its principal place of business in Springfield, Missouri. Defendant CoxHealth is a resident of Missouri for diversity jurisdiction purposes. As both Plaintiff and Defendant share citizenship with the State of Missouri, the Court cannot hold diversity jurisdiction in this case. For the reasons stated, Defendant CoxHealth's Motion to Dismiss for Lack of Diversity Jurisdiction is **GRANTED**.

b. **Federal Question Jurisdiction**

Defendant first argues that Plaintiff's reliance on the Opioid Treatment Access Act of 2022 as to federal jurisdiction is misplaced as it was never enacted as a law. (Doc. 2-1, page 2).

Defendant argues that Plaintiff cannot establish that any right to relief hinges on resolving a substantial question of law. *Id*. Defendant next argues that Plaintiffs claims that jurisdiction is proper under 18 U.S.C. §§ 1961-68, 28 U.S.C. §§ 1331, 1337, 1343, 1367(a), 5001, and 42 U.S.C. §§ 1971(f), 1983, 1985, 1986, 1988, and 21 U.S.C. Ch. 13 do not create a civil cause of action. (Doc. 2-1, page 3). Plaintiff did not raise an argument as Defendant's argument regarding federal question jurisdiction.

28 U.S.C. § 1331 gives district courts jurisdiction over all civil actions arising under federal law. A claim arises under federal law "when federal law creates a private right of action and furnishes the substantive rules of decision." *Cross v. Fox*, 23 F.4th 797, 800 (8th Cir. 2022) (quoting *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378, 132 S.Ct. 740, 181 L.Ed.2d 881 (2012)). If the plaintiff brings a claim under a federal statute that does not authorize a private right of action, the statute will not support jurisdiction under 28 U.S.C. § 1331. *Id*. Further, "[a] court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate. *Id*. (quoting *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005)).

a. **Opioid Treatment Access Act of 2022**

The Opioid Treatment Access Act of 2022, or Senate Bill 3629, was a bill sponsored by Senator Edward Markey of Massachusetts that aimed to expand access to substance use disorder treatment by modifying the regulation of opioid treatment programs and narcotic drugs used for treatment. Opioid Treatment Access Act of 2022, S.B. 3629, 117 Sess. (2021-2022), https://www.congress.gov/bill/117th-congress/sentate-bill/3629. The bill was introduced on

February 10, 2022, but was never enacted into law. *Id*. Thus it never became federal law upon which federal jurisdiction may be based. For the reasons stated, Defendant CoxHealth Motion to Dismiss for Lack of Jurisdiction as to the Opioid Treatment Access Act of 2022 is **GRANTED**.

### b. Other Statutes

#### i. 18 U.S.C. §§ 1961–68

18 U.S.C. Chapter 96 outlines the statutes dealing with racketeer influenced and corrupt organizations. Plaintiff cites 18 U.S.C. § 1961–68 as an independent basis for federal jurisdiction. However, these statutes only grant the Attorney General, and those defined by the statute, to initiate any civil or criminal actions against those alleged to have engaged in racketeer influenced and corrupt organization. It does not permit Plaintiff any private right of action. As Plaintiff does not have any private right of action under these statutes, federal jurisdiction cannot be found in this case with regard to 18 U.S.C. §§ 1961–68.

#### ii. 28 U.S.C. §§ 1331, 1337, 1343, and 1367(a)

Plaintiff next cites to the jurisdictional statutes as an independent basis for federal jurisdiction. 28 U.S.C. § 1331 allows the district courts to have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1337 grants the district courts "original jurisdiction of any civil action or proceeding arising under any Act of congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1343 governs civil rights and elective franchise, and 28 U.S.C. § 1367 governs the supplemental jurisdiction of district courts.

Plaintiff has failed to show an independent basis for federal question jurisdiction based on his reliance of the jurisdictional statutes noted above. These statutes allow for the court to take up

federal question jurisdiction if the matter before the court arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. While Plaintiff attempts to invoke these federal statutes in order to provide this Court with jurisdiction, these statutes cannot provide for an independent basis of jurisdiction. Rather they allow the Court to proceed with jurisdiction if the criteria in the statutes are met. Plaintiff has failed to allege an independent basis for federal question jurisdiction based on the statutes cited.

### iii. 28 U.S.C. § 5001

28 U.S.C. § 5001 is a statute governing the civil action for death or personal injury in a place subject to exclusive jurisdiction of the United States. "In the case of the death of an individual by the neglect or wrongful act of another in a place subject to the *exclusive jurisdiction* of the United States within a State, a right of action shall exist[.]" 28 U.S.C. § 5001(a) (emphasis added). Here, Plaintiff has failed to show how any of the Defendants are subject to the exclusive jurisdiction of the United States. All Defendants are private business that are subject to both state and federal laws and regulations. Defendants are subject to multiple jurisdictions and thus 28 U.S.C. § 5001 does not apply. Plaintiff has failed to state an independent basis for federal question jurisdiction as to 28 U.S.C. § 5001.

### iv. 42 U.S.C. § 1395-i3

While Plaintiff does not cite 42 U.S.C. § 1395-i3 as a basis for federal question jurisdiction, he has included this statute within one of his counts and the Court will analyze it for the purpose of federal question jurisdiction. The Court could not find reference or any statute regarding 42 U.S.C. § 1395-i3. Additionally, assuming Plaintiff is trying to make a claim under 42 U.S.C. Chapter 7 detailing health insurance for aged and disabled, which hosts the 13 individual statutes

8

Case 6:25-cv-03091-MDH  Document 13  Filed 06/02/25  Page 8 of 11

that encompasses 42 U.S.C. § 1395, 1395a and 1395b, none of these statutes creates a private right of action for Plaintiff. *See* 42 U.S.C. §§ 1395 – 1395b-10. Plaintiff has failed to state an independent basis for federal question jurisdiction as to 42 U.S.C. § 1395.

### v. 42 U.S.C. §§ 1971(f), 1983, 1985, 1986, 1988

42 U.S.C. § 1971 was transferred to 52 U.S.C. § 10101 and governs voting rights. It is unclear from Plaintiff's Complaint why he has alleged this as an independent basis for federal question jurisdiction as his complaint is void of any allegations regarding voting right. 42 U.S.C. § 1983 governs civil actions for deprivation of rights. While this is a proper private right of action that would normally give this Court federal question jurisdiction, Plaintiff's Complaint is void of any mention or claim under 42 U.S.C. § 1983 outside of the jurisdictional statement. Plaintiff's Complaint does not allege any Defendant acting under color of state law and the Court cannot see any application of 42 U.S.C. § 1983 to the allegations as presented by Plaintiff.

42 U.S.C. § 1985 governs conspiracy to interfere with civil rights. The statute outlines a violation concerning preventing officer from performing duties, obstructing justice; intimidating party, witness, or juror and depriving persons of rights or privileges. *See* 42 U.S.C. § 1985. This statute outlines what is considered conspiracy to interfere with civil rights. However, in review of the statute, nothing in the statute applies to Plaintiff's Compliant. 42 U.S.C. § 1986 is tilted action for neglect to prevent. Its specifics that anyone who has knowledge that any of the wrongs conspired to be done as mentioned in 42 U.S.C. § 1985, and having power to prevent or aid in preventing the commission of the wrong and refuses to do so shall be liable to the party injured or his legal representatives. As stated above regarding 42 U.S.C. § 1985 is inapplicable to this case and be extension so is 42 U.S.C. § 1986.

42 U.S.C. § 1988 governs proceedings in vindication of civil rights. This section details the applicability of statutory and common law for proceedings in vindication of civil rights, as well as attorney fees and expert fees concerning different sections of 42 U.S.C. Chapter 21. This section does not grant a private right of action, nor does it provide an independent basis for federal question jurisdiction.

### vi. 21 U.S.C. Chapter 13

21 U.S.C. Chapter 13 details drug abuse prevention and control. Nowhere within this chapter provides a private right of action for any alleged violation of a statute within 21 U.S.C. Chapter 13. This chapter only grants the Attorney General, and those defined within the chapter, to initiate any civil or criminal actions against those alleged to have engaged in the prohibited acts. As Plaintiff does not have any private right of action under this chapter, federal jurisdiction cannot be found in this case with regard to 21 U.S.C. Chapter 13. For the reasons stated, Defendant CoxHealth's Motion to Dismiss for Lack of Federal Question Jurisdiction is **GRANTED**.

### III. Failure to State a Claim Upon Which Relief Can be Granted

The Court, not having subject matter jurisdiction, must dismiss the action for lack of jurisdiction. As such, the Court need not proceed to analyze whether Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## CONCLUSION

The Court, having reviewed Plaintiff's basis for both diversity jurisdiction and federal question jurisdiction finds neither applicable in this case. As such, the Court does not have subject matter jurisdiction of this matter and must dismiss the case as a matter of right. For the reasons

10

Case 6:25-cv-03091-MDH    Document 13    Filed 06/02/25    Page 10 of 11

stated, Defendant CoxHealth's Motion to Dismiss for Lack of Jurisdiction is **GRANTED**. The case is hereby dismissed without prejudice.

**IT IS SO ORDERED**.

DATED: June 2, 2025

>*/s/ Douglas Harpool*
>**DOUGLAS HARPOOL**
>**UNITED STATES DISTRICT JUDGE**